**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRITZ FERTILIZER, INC., | ) | 1:06cv0287 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR PROTECTIVE ORDER RE NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE |
| v. | ) | |
| BAYER CORPORATION, et al., | ) | |
| Defendants. | ) | |

Defendant Bayer Corporation and Bayer Crop Science (collectively "Bayer") filed the instant motion for protective order regarding plaintiff Britz Fertilizer, Inc.'s ("Britz") Notice of Deposition of Person Most Knowledgeable on August 18, 2008. The motion was heard on December 5, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Mark Smith appeared for Bayer and Ted Frame appeared for Britz.

## **BACKGROUND**

Britz is a distributor of agricultural chemical products. Bayer manufactures agricultural products, including a regulator product called Ethrel brand Ethephon ("Ethrel"). In July 2002, Britz, through its Pest Control Advisor ("PCA") Buck Hedman, sold a certain quantity of Ethrel to Ahmad Skouti, a raisin grape grower in Fresno County. Skouti claimed that when applied with other chemicals recommended by Britz, the tank mix damaged his raisin crop. In December 2002, Skouti and his lessor brought an action in Fresno County Superior Court to recover

1

damages. In January 2003, Britz's insurance carrier Farmland Insurance ("Farmland") retained Theodore W. Hoppe to represent Britz in the action. Pursuant to an indemnity provision in the Distribution Agreement between Britz and Bayer, Hoppe requested that Bayer defend and indemnify Britz in the Skouti action. Bayer concluded that it had no duty to do so; however, based on the long-standing relationship, Bayer agreed to assist in the defense of Britz in the Skouti action. Pursuant to a May 14, 2003 letter agreement, in June 2003, attorney James Rushford associated as co-counsel of record for Britz. Rushford withdrew as co-counsel for Britz prior to trial. Britz has entered into a tolling agreement to extend the statute of limitations on that claim.

A jury trial commenced on February 28, 2005 in Fresno County Superior Court. During trial, Britz's CFO Robert Glassman, who along with Hoppe served as Britz's trial counsel, admitted liability and admitted that Britz was negligent in its recommendation of the tank mix. Britz contested damages. On April 14, 2005, judgment was entered against Britz in the amount of $7,596,247.00, plus costs. Britz has exhausted all appeals and paid the judgment.

On March 14, 2006, Britz filed this action against Bayer ("Britz I") seeking indemnity, declaratory relief and damages for fraud, misrepresentation and false promise. On June 8, 2007, Britz filed the "Britz II" action (1:07-CV-00846) alleging that Bayer breached an agreement to adequately defend Britz and that Bayer was negligent in its defense in the *Skouti* action. On February 8, 2008, the Court dismissed the negligence claims in Britz I and consolidated the cases.

On February 28, 2008, Britz filed an amended complaint, restating the surviving claims for both actions. The amended complaint includes a claim for breach of contract to defend alleging that Bayer failed "to take adequate measures to ensure that Britz received an adequate defense." Britz further alleges that Bayer breached its agreement to defend Britz by, among other things, failing to make Bayer's "extensive" technical expertise, research and testing facilities available to Britz and further, by failing to conduct field tests and/or recommend that such tests be conducted, which, if performed, would have demonstrated that the tank mix at issue in the Skouti action could not have caused the alleged damage.

1   On July 1, 2008, Britz propounded a Notice of Deposition of Bayer's Person Most
2 Knowledgeable pursuant to FRCP Rule 30(b)(5) and (6).  The Notice set an appearance and
3 production date for August 20, 2008.  The Notice of Deposition requests testimony on 15 topic
4 areas and production of four categories of documents.  Bayer objected to the Notice.  The parties
5 have met and conferred but disputes remain as to the categories.  The dispute centers around the
6 interpretation of Moore's May 14, 2003 letter.  Bayer contends its fundamental obligation was to
7 furnish legal counsel to Britz and pay Britz's attorneys fees and costs.  Britz, however, contends
8 that Bayer's agreement to defend necessarily implied an obligation to take adequate measures to
9 ensure that Britz received an adequate defense in the Skouti action.  These different
10 interpretations have led to a dispute over the relevance of the following subject areas identified in
11 Britz's Notice of Deposition:

12   **1-4.   The availability, nature, location and staffing of Bayer's research,**
13       **development and testing facilities for its crop protection products during the**
14       **period of July 1, 2002 through June 30, 2005.**
15   **5-8.   The availability, nature, location and staffing of Bayer's research,**
16       **development and testing facilities for growth regulator products during the**
17       **period of July 1, 2002 through June 30, 2005.**
18   **9-14.  Any tests, whether filed tests, laboratory tests or other tests and the results of**
19       **any such tests, conducted by Bayer regarding the use of the growth regulator**
20       **product known as "Ethrel" in combination with any other product or**
21       **products at any time.**
22   **15.    The registration of Ethrel in California**
23   Additionally, Britz seeks production of the following documents:
24   1.   Documents regarding the registration of Ethrel in California;
25   2.   Documents identifying and/ore evidencing the location of Bayer's research,
26       development, testing and manufacturing facilities where Ethrel was tested and/or
27       manufactured from July 1, 2002 through June 1, 2008;
28

3

3. Documents identifying and/or evidencing any test or tests of Ethrel in combination with any other product or products and the result of such tests conducted by or for Bayer or any of Bayer's predecessors in interest, from January 1, 1983 through June 1, 2008; and

4. Documents identifying and/or evidencing any test or tests of Ethrel not in combination with any other product or products and the results of such tests conducted by or for Bayer or any of Bayer's predecessors in interest, from January 1, 1983 through June 1, 2008.

Bayer objected to the Notice as overly broad, unduly burdensome and as seeking information which is not calculated to lead to discovery of admissible evidence. After meet and confer, Britz proposed to narrow the topic areas:

**1. Bayer's research, development and testing facilities for its crop protection products including Ethrel and combinations of Ethrel with other products for the period July 1, 2002 through June 30, 2008;**

**2. Any testing (including field tests as well as laboratory tests) from July 1, 2002 through the present time regarding Ethrel's application to grapes, whether singularly or in conjunction with other products and the results of said testing; and**

**3. The registration of Ethrel in California**.

Britz also proposed to limit the time period for the documents requested in requests three and four to documents dated January 1, 1998 through June 1, 2008.

Bayer filed the present motion for protective order on August 18, 2008. The parties agreed that by filing the motion, the appearance of Bayer's person most knowledgeable has been stayed pending resolution of this motion.

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense. Fed.R.Civ.P. 26(b)(1). A party or person from whom discovery is sought may

4

move for a protective order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)(1).

Bayer seeks a protective order regarding Britz's Notice of Deposition of Bayer's Person Most Knowledgeable concerning the topic areas and requests for production of documents listed in the Notice. Bayer argues that the Court dismissed two negligence counts which alleged that Bayer "inadequately" defended Britz. Bayer argues the remaining breach of contract claim is significantly more limited and the requested discovery veers far outside the claim seeking to revive the dismissed negligence claims. Bayer relies on the Court's February 5, 2008 Order to argue that the Court has expressly rejected such an interpretation of the May 14, 2003 agreement, "There is no allegation of any representation by express language in the May 14, 2003, letter that Defendants had an obligation to "adequately" defend Britz." Order at 29:10-12. The Court went on to note, "Defendants are sellers of agricultural products. Defendants could only provide a defense to Britz by providing and paying counsel. The payment of Hoppe's fees (term two) and providing Rushford to assist with Britz's defense (term three) explained how Defendants would defend Britz." Order 29:14-19. Thus, Bayer contends that Britz's argument that Bayer had an obligation to "suggest" that field tests be conducted or to conduct such tests using Bayer's own facilities is wholly without basis in the May 14, 2003 agreement and no reasonable interpretation of the May14, 2003 letter would require Bayer to volunteer its research and development capabilities to conduct research and testing for Britz in its defense. Thus, Bayer argues the topic areas seek information which is nether relevant nor calculated to lead to the discovery of admissible evidence. Bayer also argues the topic areas are overly broad and unduly burdensome.

As discussed at the hearing, the First Amended Complaint is now the operative pleading in this consolidated action. Although the Court previously dismissed the negligence claims, The First Amendment Complaint includes claims for breach of contract and breach of the covenant of good faith and fair dealing and specifically alleges,

> Defendant breached its covenant of good faith and fair dealing by, among other things, failing to take adequate measures to ensure that Britz received an adequate defense, by failing to inform Britz of facts or circumstances indicating that Britz was not being adequately defended, as communicated by Rushford to Moore and Ferguson, by failing to replace Rushford as co-counsel for Britz when Rushford withdrew, by failing to e

furnish expert witnesses to Britz for deposition and for trial, by failing to make Defendant's extensive research and testing facilities available to Britz, by failing to conduct field replication tests, which, if performed, would have shown that Plaintiff had no liability to Skouti and Johnsen, by failing to recommend to Britz that such tests be conducted and by failing to adequately manage Britz' defense.

First Amended Complaint 12: 13-25.  The topics and documents included in Britz's Notice of Deposition, as limited by Britz during the meet and confer process, are clearly relevant to the claims and allegations in the First Amendment Complaint as it currently stands.  Indeed the topic areas track the allegations in the First Amended Complaint almost word for word.

## CONCLUSION

Based on the foregoing, Bayer has failed to demonstrate good cause for the issuance of the requested protective order.  Bayer's motion is therefore denied.  Britz may conduct discovery on the following topic areas:

:**1.** **Bayer's research, development and testing facilities for its crop protection products including Ethrel and combinations of Ethrel with other products for the period July 1, 2002 through June 30, 2008;**

**2.** **Any testing (including field tests as well as laboratory tests) from July 1, 2002 through the present time regarding Ethrel's application to grapes, whether singularly or in conjunction with other products and the results of said testing; and**

**3.** **The registration of Ethrel in California**.

If Bayer's Person Most Knowledgeable is officed in North Carolina, and Bayer requests that his deposition be taken there, Britz shall take it in North Carolina as requested.


IT IS SO ORDERED.

Dated:   **December 15, 2008**                     /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

6