# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRITZ FERTILIZERS, INC., | ) | 1:06cv287 OWW DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT EXPERT WITNESS TESTIMONY |
| v. | ) | |
| BAYER CORPORATION, et al., | ) | (Document 99) |
| | ) | |
| Defendants. | ) | |

     Plaintiff Britz Fertilizers, Inc., ("Britz") filed the instant motion to exclude or limit expert witness testimony on April 22, 2009. The matter was heard on June 5, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Ted Frame, Roger Schrimp and Eric Sousa appeared on behalf of Britz. T. Mark Smith appeared on behalf of Bayer Corporation and Bayer Cropscience, Inc. ("Bayer").

## BACKGROUND

     On February 8, 2008, the Court issued a Scheduling Conference Order setting the deadline for disclosure of expert witnesses as July 21, 2008. Supplemental or rebuttal disclosures were due by August 20, 2008.[1] On July 21, 2008, the Court granted the parties' stipulation to continue to date for expert disclosure to August 11, 2008, and the date for supplemental or rebuttal expert disclosures to September 3, 2008. By letter dated August 7,

---

[1] The Court noted the parties' prior written exchange of expert information on April 30, 2007.

1

2009, the parties agreed to a final extension to August 18, 2008. The letter further stated that the agreement did not pertain to non-retained experts and set forth Bayer's counsel's belief that neither party was precluded from supplemental disclosure of experts pursuant to Rule 26(2)(C)(ii) and/or the February 8, 2008, Scheduling Conference Order. Exh. C, attached to Declaration of Roger M. Schrimp ("Schrimp Dec.").

Bayer's first disclosure was made on April 30, 2007, when it disclosed two retained experts, Sayed D. Badr and Dr. Richard Wilson, as well as non-retained experts Lewis P. Christensen and Dr. Mark Steinberg.[2] The disclosure stated that Christensen and Steinberg would testify "regarding matters addressed in their testimony in the *Skouti v. Britz* action." Exh. D, attached to Schrimp Dec.

On August 18, 2008, Bayer made a further expert witness disclosure in which it added Steven Cornwell as a retained expert and James Betts as a non-retained expert. Bayer indicated that Betts would testify "regarding matters involving his representation of plaintiffs in the *Skouti v. Britz* action and the conduct and outcome of the litigation and trial therein including, but not limited to, Britz Fertilizers, Inc.'s admission of liability." Exh. E, attached to Schrimp Dec.

On September 3, 2008, Bayer submitted another supplemental expert disclosure in which it identified Scott Hicks as a non-retained expert. Bayer stated that Hicks would testify "regarding matters addressed in his testimony in the *Skouti vs. Britz* action." Exh. F, attached to Schrimp Dec.

Bayer submitted its final disclosure entitled "Rebuttal Disclosure of Expert Witnesses" on September 16, 2008. Bayer stated that in addition to the topics previously identified, non-retained experts Christensen, Hicks, Betts and Steinberg "will opine as to the utility of field trial studies in the *Skouti v. Britz* action." Exh. G, attached to Schrimp Dec.

By this motion, filed on April 22, 2009, Britz seeks to exclude the expert testimony of Christensen, Steinberg, Hicks and Betts based on Bayer's failure to disclose the witnesses as

---

[2] Bayer disclosed three other non-retained experts who are not relevant to this motion.

retained experts and provide written expert reports. Alternatively, Britz moves to limit the scope of their testimony.

Bayer filed its opposition on May 22, 2009. Britz filed its reply on May 29, 2009.

## **DISCUSSION**

A.  Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(A) requires that each party "disclose to the other parties the identity of any person who may be used at trial to present evidence under Federal Rule of Evidence 702, 703and 705." Rule 26 further provides:

> Unless as otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-prepared and signed by the witness .... The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them.

Fed.R.Civ.P. 26(a)(2)(B). Failure to comply with this provision may result in sanctions as specified in Rule 37, which provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1).

The exclusion sanction is "self-executing" and "automatic." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless." Id. at 106-07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). The district court has broad discretion to determine the appropriateness of sanctions, and should consider five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions. Wendt v. Host Intern., Inc., 125 F.3d 806, 814 (9th Cir. 1997). "Exclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." Id.

**DISCUSSION**

Britz's motion is based on its belief that Christensen, Hicks, Steinberg and Betts should have been designated as retained experts because they will be giving testimony regarding Ethrel, the utility of conducting field trials in the *Skouti* action, and Dr. Rush's field trials. Britz argues that Bayer provided these witnesses with additional information and based upon this information, they formed opinions which they expect to offer at trial. It also argues that the subject of their testimony was not at issue in the *Skouti* action because the issues were not raised until after the filing of this action. Thus, according to Britz, their testimony is not based on personal knowledge, but rather knowledge acquired or developed as a result of information provided by Bayer in anticipation of this trial.

Britz further contends Bayer's failure to produce expert reports for these witnesses has caused it prejudice because it has already deposed these witnesses without the benefit of a report and will be forced to face cross-examination of these witnesses without a clear understanding of their intended testimony and opinions.

A.   Percipient Witness Testimony Versus Expert Witness Testimony

The outcome of this motion revolves around the distinction between percipient witness testimony and expert witness testimony. Federal Rule of Evidence 702 encompasses any helpful "scientific, technical, or other specialized knowledge," whether in the form of fact or opinion, within the realm of expert testimony. Although the rule does not provide a more specific definition, expert testimony is generally testimony that a witness prepares using an analysis based on specialized knowledge. See eg. Hynix Semiconductor Inc. v. Rambus, Inc., 2009 WL 230039, *11 (N.D.Cal. 2009). Indeed, the purpose of the Rule 26 disclosure requirement is to prevent surprise testimony by ensuring that opposing parties are aware of the nature of the opinions prior to trial.

In contrast, percipient witness testimony is based on the first hand experience of the witness, i.e., the observations of the witness and the process by which decisions were made. The risk of surprise is not as great because the parameters of the witness's opinion, as it relates to

actions he or she took in the past, are generally already known to the parties.  Therefore, percipient witnesses are not subject to the Rule 26(a)(2) report requirement.

With these distinctions in mind, the Court turns to the specific witnesses at issue.

B.   Betts

According to Bayer's designations, Betts will testify "regarding matters involving his representation of plaintiffs in the *Skouti v. Britz* action and the conduct and outcome of the litigation and trial therein including, but not limited to, Britz Fertilizer's admission of liability." Exh. E, attached to Schrimp Dec.  In the Rebuttal Disclosure, Bayer disclosed that Betts would also testify "as to the utility of field trial studies in the *Skouti v. Britz* action..."  Exh. G, attached to Schrimp Dec.

Insofar as Betts has been designated to testify about his actions and decisions as plaintiffs' counsel in *Skouti*, this testimony is percipient witness testimony and will be allowed under the current designation.  For instance, Betts can testify as to why he decided against conducting field trials in *Skouti* and the analysis that went into that decision.  Indeed, only Betts can explain his rationale.  See eg.  Vaxiion Therapeutics, Inc. v. Foley & Lardner, LLP, 2008 U.S. Dist. LEXIS 51171, *7 (S.D.Cal. 2008) ("If the witnesses only provide testimony related to the actions they took and things they directly learned, they are not considered specially-retained experts who are required to provide reports.").  Such testimony was known to all parties, including Britz, and carries little risk of surprise and resulting prejudice.

Expanding upon Betts' percipient knowledge, he can also testify about Dr. Rush's reports to the extent the reports are offered to impeach Betts' testimony.  Testimony responding to Dr. Rush's reports continues to explore Betts' opinions reached below and is therefore considered percipient witness testimony.  However, to the extent Betts seeks to offer an independent critique of Dr. Rush's reports, i.e., opinions as to the methodology employed, such testimony is not percipient in nature and is not allowed under the current designation.  Once the subject of Betts' testimony moves beyond his personal experience in the *Skouti* action, it becomes expert in nature.

1          Similarly, to the extent Betts seeks to offer testimony critiquing Theodore Hoppe's
2  representation of Britz during the *Skouti* action, such testimony is outside the scope of percipient
3  witness testimony and is not included within the current designation.
4  C.       Christensen, Steinberg, and Hicks
5          Christensen, Steinberg and Hicks have been designated to testify "regarding matters
6  addressed in [their] testimony in the *Skouti v. Britz* action" and "will opine as to the utility of
7  field trial studies in the *Skouti v. Britz* action." Exh. D, F and G, attached to Schrimp Dec.
8          Under the same principles set forth in the analysis of Betts' testimony, Christensen,
9  Steinberg and Hicks can to testify about their personal involvement in the *Skouti* action,
10  including the opinions they expressed as experts in *Skouti*. Contrary to Plaintiff's argument, the
11  fact that these witnesses were designated as experts in *Skouti* does not alter the percipient nature
12  of their testimony in this action. Allowable testimony also includes their opinions about Dr.
13  Rush's reports to the extent the reports are used, directly or indirectly, to impeach or contradict
14  their testimony.
15         Christensen, Steinberg, and Hicks may not, however, offer their independent opinions of
16  Dr. Rush's reports that are not connected to their personal involvement in the *Skouti* action.

**ORDER**

18         In accordance with the above, Britz's motion to exclude expert testimony is GRANTED
19  IN PART and DENIED IN PART.

21         IT IS SO ORDERED.
22         Dated:   **June 17, 2009**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE