UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRITZ FERTILIZERS, INC., | 1:06-CV-00287-OWW-DLB |
|---|---|
| Plaintiff, | ORDER REQUESTING SUPPLEMENTAL BRIEFING |
| v. | |
| BAYER CORPORATION; BAYER CROPSCIENCE, LP; et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Britz Fertilizers, Inc.'s ("Britz") motion for leave to file a Second Amended Complaint. Britz seeks to add "alternative, but unpleaded" (Doc. 199 at 2) fraud claims against Bayer Corporation and Bayer CropsScience, LP ("Bayer"). Bayer opposes the motion.

## II.   SUPPLEMENTAL BRIEFING

Britz's motion is made "pursuant to Rule 15(a)." (Doc. 199 at 2.) Britz's memorandum of points and authorities, Bayer's opposition brief, and Britz's reply focus exclusively on whether leave to amend is proper under Rule 15 and associated case law. Rule 15, however, is not the only applicable rule.

In this case, the amended Scheduling Conference Order set the deadline for filing "[a]ll Non-Dispositive Pre-Trial Motions" on "April 20, 2009." (Doc. 96.)[1] Britz filed its motion for leave to file a Second Amendment Complaint, a non-dispositive motion, on November 6, 2009, over six months past the deadline.

---

[1]   The deadline set for dispositive motions is May 4, 2009.

1

Generally, a motion to amend a pleading is analyzed under Rule 15. However, where, as here, a party moves to amend its pleading after a deadline set in the scheduling conference order, the motion is also subject to Rule 16's "good cause" standard. *See* Fed. R. Civ. P. 16(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The movant must first show "good cause" under Rule 16 for modifying the scheduling conference order, i.e., good cause for not having filed a motion to amend before the deadline. *See Johnson*, 975 F.2d at 608-09; *see also Coleman*, 232 F.3d at 1294. Rule 16's good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. If good cause exists under Rule 16, the movant must then demonstrate that amendment of its pleading is proper under Rule 15. *Id.* at 608.[2]

The parties have not briefed whether "good cause" exists under Rule 16. To properly analyze Britz's motion, the parties are ordered to submit supplemental briefing on whether good cause exists under Rule 16. Britz, the moving party, is ordered to submit initial supplemental briefing, not to exceed ten (10) pages, by February 4, 2010. Any opposition to Britz's supplemental briefing is due by February 11, 2010, and shall not exceed seven (7) pages. Any reply is due by February 18, 2010, and shall not exceed five (5) pages.

---

[2] A court may treat a belated motion to amend the pleadings as a motion to amend the scheduling order. *See Johnson*, 975 F.2d at 608-09.

The hearing scheduled on Britz's motion for leave to file a Second Amendment Complaint (Doc. 199), currently set for February 1, 2010, is VACATED.  The motion is reset for March 22, 2010. IT IS SO ORDERED.

Dated:   January 27, 2010               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

3