Roger M. Schrimp, State Bar No. 039378
George P. Rodarakis, State Bar No. 222214
Eric J. Sousa, State Bar No. 232541
DAMRELL, NELSON, SCHRIMP,
 PALLIOS, PACHER & SILVA
1601 I Street, 5th Floor
Modesto, CA 95354
Telephone (209) 526-3500
Facsimile (209) 526-3534

Ted R. Frame, SBN 023736
Russell Matsumoto, SBN 084949
FRAME & MATSUMOTO
201 Washington Street
PO Box 895
Coalinga, CA  93210-0895
Phone (559) 935-1552
Fax (559) 935-1555
Attorneys for Plaintiff BRITZ FERTILIZERS, INC.

Stephen T. Clifford, State Bar No. 39020
T. Mark Smith,  State Bar No. 162370
CLIFFORD & BROWN
Bank of America Building 1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
(661) 322-6023
(661) 322-3508 FAX
Attorneys for Defendants
BAYER CORPORATION and BAYER CROPSCIENCE LP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

-o0o-

| | |
|---|---|
| BRITZ FERTILIZERS, INC. | Case No.: 1:06-CV-00287-OWW-DLB |
| Plaintiff, | (Consolidated for all purposes with Case No. 1:07-CV-00846) |
| vs. | ORDER DETERMINING SETTLEMENT TO BE IN GOOD FAITH, AND BARRING CLAIMS FOR CONTRIBUTION AND INDEMNITY |
| BAYER CORPORATION; BAYER CROPSCIENCE, LP; | |
| Defendants | DATE:  September 27, 2010<br>TIME:  10:00 a.m.<br>CTRM:    3<br>JUDGE:  HON. OLIVER W. WANGER |

LAW OFFICES OF
FRAME &
MATSUMOTO
PO Box 895
Coalinga, CA
93210

DETERMINING SETTLEMENT TO BE IN GOOD FAITH, AND BARRING CLAIMS
FOR CONTRIBUTION AND INDEMNITY

1

1  The joint motion of Plaintiff, Britz Fertilizers, Inc., and defendants, Bayer
2  Corporation and Bayer CropScience, LP, for determination of good faith settlement
3  and for an order barring claims against settling defendants Bayer Corporation and
4  Bayer CropScience, LP, for contribution or indemnity by the Noticed Non-Parties to
5  this action (as listed below) came on for hearing by the Court on September 27, 2010.
6  
7  Frame & Matsumoto, by Ted R. Frame, appeared for the plaintiff. Clifford & Brown,
8  by T. Mark Smith, appeared for the defendants.
9  　　　All of the documents associated with the motion were filed under seal.
10  　　　The Court, having considered the motion, having considered the arguments of
11  counsel, and having filed its Memorandum Decision, and good cause appearing
12  therefor, makes the following findings and orders.
13  
14  　　　The Court finds that notice of the hearing and copies of all the sealed
15  documents were properly served in a timely manner on the following persons, who
16  are the "Noticed Non-Parties" and who are alleged in the motion to be potential joint
17  tortfeasors or co-obligors with defendants Bayer Corporation and Bayer Crop
18  
19  Science:

20  　　　　　　　　Theodore W. Hoppe, Esq.,
21  　　　　　　　Individually and as a partner of the
　　　　　　　　former law firm of Cooper and Hoppe
22  
23  　　　　　　　　Joseph D. Cooper, Sr., Esq.,
　　　　　　　as a partner of the former law firm of
24  　　　　　　　　　　Cooper and Hoppe

25  　　James W. Rushford, Esq., individually and as a partner
　　　　　　of the law firm of Rushford and Bonotto
26  
27  　　　　　Phillip R. Bonotto, Esq., as a partner
28  　　　　　of the law firm of Rushford & Bonotto

LAW OFFICES OF
FRAME &
MATSUMOTO
PO Box 895
Coalinga, CA
93210

**DETERMINING SETTLEMENT TO BE IN GOOD FAITH, AND BARRING CLAIMS
FOR CONTRIBUTION AND INDEMNITY**

2

LAW OFFICES OF
FRAME &
MATSUMOTO
PO Box 895
Coalinga, CA
93210

Rushford & Bonotto

Phillip H. Darst

The Court further finds that the settlement between plaintiff and defendants Bayer Corporation and Bayer CropScience, LP, was in good faith and is within the reasonable range of defendants' share of liability for plaintiff's injuries, taking into consideration the facts and circumstances of this case.

IT IS THEREFORE ORDERED that the settlement between plaintiff and defendants Bayer Corporation and Bayer CropScience, LP, is determined to have been made in good faith pursuant to the provisions of California Code of Civil Procedure Sections 877 and 877.6, and that any and all claims or further claims against defendants Bayer Corporation and/or Bayer CropScience, LP, by any of the Noticed Non-Parties above named for contribution or indemnity, including claims for total indemnity, partial indemnity, implied contractual indemnity, and artfully pleaded claims seeking any form of contribution or indemnity in effect are conclusively and forever barred.

IT IS FURTHER ORDERED that plaintiff shall serve this SEALED order on each of the Noticed Non-Parties.

IT IS SO ORDERED.

Dated:  **October 7, 2010**                    **/s/ Oliver W. Wanger**
                                               UNITED STATES DISTRICT JUDGE

**DETERMINING SETTLEMENT TO BE IN GOOD FAITH, AND BARRING CLAIMS FOR CONTRIBUTION AND INDEMNITY**

3